Case: 1:26-mj-00076
Assigned To: Judge Harvey, G. Michael
Assign. Date: 4/16/2026
Description: COMPLAINT W/ARREST WARRANT

**STATEMENT OF OFFENSE**

I, Shamus Nealon, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I submit this affidavit in support of a criminal complaint, charging Tywan JACKSON ███████████ with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

2.  Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

3.  I am a Special Agent with the Federal Bureau of Investigations. I have been in this position since December of 2021. I am currently assigned to the Safe Streets Task Force ("SSTF") in the Washington, D.C., Field Office ("WFO"). The SSTF investigates violent gangs, crimes of violence, and drug trafficking in the D.C. metropolitan region. Prior to my assignment to the SSTF, I was trained through the Basic Field Training Course at the FBI's training academy in Quantico, Virginia. Through my employment with the FBI, I have gained knowledge in the use of various investigative techniques including, but not limited to: analyzing call detail records and precision location information; conducting and analyzing toll analysis; conducting court-authorized electronic surveillance, including ping and tracking orders; conducting Title III wire interceptions; and the execution of search and arrest warrants, including warrants authorizing the search of electronic information stored at premises controlled by third-party providers.

4.  Throughout my career in law enforcement, I have become familiar with the methods and techniques associated with neighborhood-based gangs, the trafficking of firearms and

narcotics, the laundering of the proceeds from criminal activities, the organization of drug conspiracies, and investigations involving violent crimes. Additionally, I have become familiar with the use of fraudulent identities to obfuscate true identities to obtain vehicles, residences, firearms, and other criminal activities. In the course of conducting drug and criminal enterprise investigations, the Affiant has incorporated the use of the following investigative techniques; interviewing informants, victims and subjects; handling informants; physical and technical surveillance; supporting undercover operations; electronic location monitoring to include telephone cell site location data and vehicle tracking devices; consensual monitoring and recording of both telephonic and non-telephonic communications; Title III wire intercepts; preparing and executing search warrants that have led to seizures of drugs, firearms and other contraband; and pen register/trap and trace orders for multiple types of electronic communications and providers.

5.      I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include business and bank records and official government records, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein. Because this affidavit is being submitted for the limited purpose of enabling this Court to make a judicial determination of probable cause to issue a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the legal basis for the issuance of a search warrant.

### BACKGROUND

6.      On February 26, 2026, law enforcement became aware of a music video posted to YouTube called *Where is GizWop?* by Slugz in which Tywan JACKSON and Jquan BAKER,

along with other known and unknown subjects, brandished firearms through the music video. It was later determined that the music video was recorded at locations within Washington, D.C.

7. On April 4, 2026, the Honorable Matthew Sharbaugh issued a rule 41 search warrant (26-sw-104), authorizing the search of multiple residences, including the residence of JACKSON at ███████████████████████████████████. Law enforcement identified JACKSON's residence to be ███████████████████████████████████ ███████ through a combination of rental and cellphone records, cell site location information, and surveillance video capturing the exterior door to ████████████████.

8. On April 13, 2026, law enforcement executed the search warrant at JACKSON's residence: a two-bedroom apartment located at ████████████████████████████████ ████████████ JACKSON was inside the apartment, along with an adult female. Inside the apartment were personal belonging for both an adult male, female, and a bedroom for children. A comcast letter addressed to JACKSON was also located in the apartment.

9. In the bedroom that had belongings for JACKSON and the adult female, was a Glock 30 pistol, .45 caliber, with a serial number ████████ a 13 round capacity .45 caliber magazine, and one loose .45 caliber bullet. The pistol was located underneath a shelf/clothing organizer. The magazine was located on the floor at the foot of the bed. The loose bullet was found on the floor in front of the shelf/clothing organizer. The Glock 30 was affixed with a machine gun conversion device, which converted the semi-automatic pistol into a fully automatic pistol during test firing.

10. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

11.     Your Affiant knows that JACKSON is prohibited from possessing a firearm due to JACKSON having a prior felony conviction punishable by a term of imprisonment exceeding one year.  JACKSON was convicted in the Circuit Court for Prince George's County, Maryland, in case number CT140886X for violations of Carjacking/Possession/Intimidation (3-405(b)). JACKSON was sentenced to 5 years incarceration.  JACKSON was also convicted in the Circuit Court for Prince George's County, Maryland, in case number CT190059X for violations of Firearm Possession with a felony conviction (PS5-133C) and Assault 2nd Degree (3-203). JACKSON was sentenced to 5 and 10 years of incarceration with 3 years of probation.

12.     Following the search warrant, a recorded custodial interview of JACKSON was conducted by the Metropolitan Police Department (MPD).  During the interview, JACKSON waived his Miranda rights and agreed to answer questions.  JACKSON admitted that he plead guilty to the possession of a handgun and second-degree assault, believed to be a reference to the conviction referenced *supra*.  JACKSON would refer to himself later as a "gun offender," believed to be a reference to the Washington, D.C. Gun Offenders Registry.  JACKSON also stated that he obtained the seized firearm through a "street buy" and that he had a gun for protection.

13.     As such, your affiant submits that probable cause exists to charge 18 U.S.C. § 922(g)(1), which makes it unlawful for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm.

_____
SHAMUS NEALON, SPECIAL AGENT
FEDERAL BUEARU OF INVESTIGATION


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, the 16th day of April 2026.


_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE